## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KIMBERLY HUDSON, individually, and on behalf of all others similarly situated, | ) ) ) |
| Address:<br>3208 Flintridge Drive<br>Arlington, Texas 76017 | ) ) ) ) |
| Plaintiff, | ) ) |
| | ) Case No.: |
| v. | ) ) |
| SNVA, LLC, | ) ) **Jury Trial Demanded** |
| Address:<br>2 Industrial Park Drive E,<br>Waldorf, Maryland 20602<br>(Charles County) | ) ) ) ) ) |
| Serve Registered agent at:<br>United States Corporation Agents, Inc.<br>221 N. Broad Street, Suite 3A<br>Middletown, Delaware 19709 | ) ) ) ) ) ) |
| Defendant. | ) |

## CLASS ACTION COMPLAINT

COMES NOW Plaintiff Kimberly Hudson, individually, and on behalf of all others similarly situated, and for her Class Action Complaint against Defendant SNVA, LLC, states:

## BACKGROUND, PARTIES, JURISDICTION AND VENUE

1.      Plaintiff Kimberly Hudson ("Hudson") brings this case to protect the privacy rights of herself and a class of similarly situated people who were called on their cell phones by Defendant SNVA, LLC ("SNVA"). SNVA called Hudson and the putative class members after they had registered their phone numbers on the National Do Not Call Registry.

2.      In the early 1990s, Congress enacted the Telephone Consumer Protection Act ("TCPA") to protect consumers' privacy rights, namely, the right to be left alone from unwanted telemarketing calls. A leading sponsor of the TCPA described unwanted telemarketing calls as "the scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

3.      The TCPA affords special protections for people who registered their cell phone numbers on the National Do Not Call Registry. Specifically, the TCPA provides that each person who receives more than one call on their cell phone after being registered on the National Do Not Call Registry is entitled to recover a penalty of $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

4.      From January 2021 until September 2021, approximately 38.7 billion robocalls were placed in the United States. RobocallIndex.com, YouMail Robocall Index, https://robocallindex.com/history/time (last visited October 11, 2021). The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls. For example, while the Federal Communications Commission levied over $200 million in penalties against telemarketers between 2015 and 2018, it collected less than $7,000 of that amount. *See* Sarah Krouse, *The FCC Has Fined Robocallers $208 Million. It's Collected $6,790*, THE WALL STREET JOURNAL, March 28, 2019, https://www.wsj.com/articles/the-fcc-has-fined-robocallers-208-million-its-collected-6-790-11553770803.

5.      Hudson is an individual who resides in and is a citizen of the State of Texas.

6.      Hudson brings this action on behalf of herself and all others similarly situated.

7.      SNVA is a Delaware corporation that is headquartered in the State of Maryland. SNVA has been in good standing to transact business at all times relevant to this Complaint.

8.      SNVA transacts business in Maryland and throughout the United States.

9.      This Court has personal jurisdiction over SNVA because its headquarters are located in the State of Maryland, SNVA solicits business in the State of Maryland, SNVA conducts business in the State of Maryland, and SNVA otherwise has sufficient minimum contacts with the State of Maryland, and such contacts are continuous and systematic.

10.     SNVA has a brand called "Careerera." The Careerera brand sells people online courses in various fields of study.

11.     SNVA charges hundreds of dollars for many of the online courses it offers as part of its Careerera brand.

12.     SNVA markets its Careerera brand products and services, in part, through placing telephone calls to prospective customers' cellular phones.

13.     Hudson is the owner of a phone. Her phone number is 661-XXX-2672.

14.     Hudson did not provide her phone number to be called by SNVA.

15.     Hudson has no prior business relationship with SNVA.

16.     Hudson never inquired of SNVA about any products or services before or at the time she received the calls at issue.

17.     Hudson did not grant SNVA consent to be called on her cell phone.

18.     Hudson registered her phone number on the National Do Not Call Registry on or about July 12, 2003.

19.     Hudson received at least two calls on her cell phone from SNVA.

20.     On December 9, 2020, Hudson received a call on her phone from SNVA or someone acting on its behalf. The representative stated he was calling from "Careerera." The representative stated that Careerera provided "professional certification and training" in various fields of study. Hudson told the representative she was not interested.

21.     On February 5, 2021, Hudson received another call from SNVA.  On information

and belief, the purpose of this call was also to sell Hudson "professional certification and training"

in various fields of study.

22.     The phone numbers associated with both calls that appeared on Hudson's phone

was 617-275-4948.

23.     Upon calling back this phone number, the caller is connected with a representative

who sells the "Careerera" products and services.

24.      SNVA's conduct violated the privacy rights of Hudson and the putative class

members, as they were subjected to annoying and harassing calls. SNVA's calls intruded upon the

rights of Hudson and the putative class members to be free from invasion of their interest in

seclusion.

25.     SNVA's conduct caused Hudson and the putative class members to waste time

addressing and/or otherwise responding to the unwanted calls.

26.     On information and belief, SNVA placed calls to Hudson and the putative class

members for the purpose of selling its products and services.

### Class Allegations

27.     Pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), Hudson brings

this lawsuit as a class action on behalf of herself and all others similarly situated. This action

satisfies the requirements of numerosity, commonality, typicality, and adequacy of representation.

28.     Hudson seeks to represent the following class:

> For the period from four years prior to the filing of this suit until the date a
> class is certified, all persons in the United States who: (1) received more than
> one telephone call from SNVA or someone acting on its behalf during a 12-
> month period; and, (2) were registered on the Do Not Call Registry for more
> than 31 days at the time the calls were received.

29.    Hudson reserves the right to add administrative subclasses, or to amend the definition of the proposed class, during the lawsuit proceedings.

30.    The members of the proposed classes are so numerous that joinder of all members is impracticable. Hudson reasonably believes that hundreds or thousands of people have been harmed by SNVA's actions. The names and phone numbers of the members of the proposed class are readily identifiable through records available to SNVA or those acting on its behalf.

31.    Most members of the proposed class have suffered damages in an amount such that it would make filing separate lawsuits by individual members economically infeasible.

32.    On information and belief, SNVA has called and continues to call people who are registered on the National Do Not Call Registry. It is reasonable to expect that SNVA will continue to make such calls absent this lawsuit.

33.    Common questions of law and fact exist as to all members of the proposed class and predominate over any questions affecting only individual members. The questions of law and fact common to the proposed class include, but are not limited to:

a.    Whether SNVA placed calls to Hudson and the putative class members after they were registered on the National Do Not Call Registry more than 31 days;

b.    Whether SNVA's conduct violates 47 U.S.C. § 227(c);

c.    Whether SNVA's conduct violates the rules and regulations implementing the TCPA; and,

d.    Whether Hudson and the putative class members are entitled to increased damages for each violation based on the willfulness of SNVA's conduct.

34.     Hudson's claims are typical of the claims of the proposed class members because her claims arise from the same practice that gives rise to the claims of the members of the proposed class and is based on the same legal theories.

35.      Hudson and her counsel will fairly and adequately protect the interests of the members of the proposed class. Hudson's interests do not conflict with the interests of the proposed class she seeks to represent. Hudson has retained lawyers who are competent and experienced in class action, TCPA litigation and consumer law.

36.     Hudson's counsel will vigorously litigate this case as a class action, and Hudson and her counsel are aware of their responsibilities to the putative members of the class and will discharge those duties.

37.     A class action is superior to all individual lawsuits for this controversy. Joinder of all proposed members of the proposed class in one action is impracticable if not impossible and prosecuting hundreds or thousands of individual actions is not feasible. The size of the individual claims is likely not large enough to justify filing a separate action for each claim. For many, if not most, members of the proposed class, a class action is the only procedural mechanism that will allow recovery. Even if members of the proposed class had the resources to pursue individual litigation, that method would be unduly burdensome to the courts. Individual litigation could also result in inconsistent adjudications.

38.     In contrast, a class action is superior in that it will benefit the court and litigating parties through efficiency, economy of scale and unitary adjudication resulting from supervision of the litigation by a single court.

39.    Questions of law and fact, particularly the propriety of calling phone numbers registered on the National Do Not Call Registry, predominate over questions affecting only individual members.

40.    SNVA has acted or refused to act on grounds that apply generally to the class, making final injunctive relief or corresponding declaratory relief is appropriate with respect to the class as a whole.

**Count I - Violations of the Telephone Consumer Protection Act ("TCPA"),
47 U.S.C. § 227 *et seq.***

41.    Hudson incorporates by reference the allegations of the previous paragraphs as if fully stated in this Count.

42.    The TCPA defines a "telephone solicitation" as a "call or message for the purpose of encouraging the purchase of goods, or services which is transmitted to any person." 47 U.S.C. § 227(a)(4).

43.    The TCPA provides that is a violation of the law for a person whose phone number is registered on the National Do Not Call Registry to receive more than one call on their phone "within any 12-month period by or on behalf of the same entity." *See* 47 U.S.C. §§ 227(c)(1), (c)(5); 47 C.F.R. § 64.1200(c)(ii).

44.    The penalty for each call placed in violation of the TCPA's restrictions on calling cell phone numbers registered on the National Do Not Call Registry is $500 per call and up to $1,500 per call if the violation is determined to be willful. *See* 47 U.S.C. §§ 227(c)(5).

45.    In addition, the TCPA allows the Court to enjoin SNVA's violations of the TCPA's regulations prohibiting calls to cell phone numbers registered on the National Do Not Call Registry. *See* 47 U.S.C. §§ 227(c)(5)(A).

46.     By making calls to the phones of Hudson and the putative class members after their numbers were registered on the National Do Not Call Registry, SNVA violated the TCPA, including, but not limited to, 47 U.S.C. §§ 227(c)(1) and the TCPA's corresponding regulations.

47.     SNVA knew or should have known that Hudson and the putative class members had their numbers registered on the National Do Not Call Registry.

48.     Hudson and the putative class members are entitled to damages of $500.00 per violation for each call made by SNVA and up to $1,500.00 per violation if the Court finds that SNVA willfully violated the TCPA.

## Demand for Judgment

WHEREFORE Plaintiff Kimberly Hudson, individually, and on behalf of all others similarly situated, requests the Court grant the following relief:

a.     Enter an order against Defendant SNVA, LLC pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), certifying this action as a class action and appointing Hudson as the class representative;

b.     Enter an order appointing Santoni, Vocci & Ortega, LLC and Butsch Roberts & Associates LLC as counsel for the class;

c.     Enter judgment in favor of Hudson and the putative class for all damages available under the TCPA, including statutory damages of $500 per violation, or up to $1,500 per violation if SNVA, LLC willfully violated the TCPA;

d.     Enter a judgment in favor of Hudson and the putative class that enjoins SNVA from violating the TCPA's regulations prohibiting SNVA from calling numbers registered on the National Do Not Call Registry;

e.     Award Hudson and the class all expenses of this action, and requiring SNVA to pay

the costs and expenses of class notice and administration; and,

      f.      Award Hudson and the class such further and other relief the Court deems just and appropriate.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff Kimberly Hudson demands a jury trial in this case.

By: /s/ Chelsea Ortega
Chelsea Ortega #19327
Santoni, Vocci & Ortega, LLC
201 W. Padonia Road, Suite 101
Lutherville-Timonium, Maryland 21093
Phone: (443) 921-8161
Fax: (410) 525-5704
cortega@svolaw.com

**BUTSCH ROBERTS & ASSOCIATES LLC**

David T. Butsch (*pro hac* forthcoming)
Christopher E. Roberts (*pro hac* forthcoming)
231 S. Bemiston Avenue, Suite 260
Clayton, Missouri 63105
Phone: (314) 863-5700
Fax: (314) 863-5711
DButsch@butschroberts.com
CRoberts@butschroberts.com